UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TODD J. CIELO, et al.,

   Plaintiffs,

v.                                             CASE NO. 8:15-cv-2324-T-23TBM

GARRISON PROPERTY &
CASUALTY INSURANCE COMPANY,
et al.,

   Defendants.
_____/

**ORDER**

After an automobile accident, Allison Consiglio applied for reimbursement of her medical expenses from Garrison Property & Casualty Insurance Company, her automobile insurance company. Citing "Medicare fee schedules," Garrison reimbursed only a portion of Consiglio's medical expenses. Consiglio assigned her claim against Garrison to Todd J. Cielo and to Cielo Sports & Family Chiropractic Centre, LLC, both of whom initiated (Doc. 19) a class action in state court for breach of Consiglio's insurance agreement. The plaintiffs argue that Garrison can limit reimbursement based on "Medicare fee schedules" for "personal injury protection" but not for "medical payments."[1] (Doc. 19 at 7) The plaintiffs sue four insurance

---

[1] The parties describe "personal injury protection" as "PIP" and "medical payments" as "MedPay." This order continues without these contractions.

companies — Garrison, the United Services Automobile Association, the USAA General Indemnity Company, and the USAA Casualty Insurance Company — on behalf of those who received from any of the defendants only limited reimbursement for "medical payments" based on "Medicare fee schedules." The defendants remove (Doc. 1) this action under the Class Action Fairness Act[2] and move (Doc. 8) to dismiss.

## DISCUSSION

Moving to dismiss, the defendants argue (1) that "Plaintiffs have not alleged any facts that would support standing to assert individual or class claims against" "any of the Defendants other than Garrison," (2) that "the plain language of the [Personal Injury Protection] Statute and the applicable policy, in combination with the case law discussing the interplay between [personal injury protection] coverage and Medical Payments . . . coverage, do not support Plaintiffs' reading of the policy," (3) that the "class allegations should be stricken or dismissed," and (4) that "Plaintiffs' class-wide claim for declaratory and injunctive relief is improper." (Doc. 8 at 2)

---

[2] The act grants a district court original jurisdiction over a civil action in which (1) "the matter in controversy exceeds the sum or value of $5,000,000," (2) "the number of members of all proposed plaintiff classes in the aggregate is less than 100," and (3) "any member of a class of plaintiffs is a citizen of a State different from any defendant." The act is codified in 28 U.S.C. §§ 1332(d), 1453, 1711–1715.

**1. The plaintiffs lack standing to sue any defendant other than Garrison.**

The defendants correctly argue that the plaintiffs fail to establish standing to sue any defendant other than Garrison.  Standing requires a showing of an "injury-in-fact," "a causal connection between the injury and the conduct complained of," and a "likelihood" "that the injury will be redressed by a favorable decision."  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560, 561, 583 (1992) (internal quotation marks omitted).  Although the plaintiffs sue for breach of Consiglio and Garrison's insurance agreement, the plaintiffs sue — in addition to Garrison — the United Services Automobile Association, the USAA General Indemnity Company, and the USAA Casualty Insurance Company.  The plaintiffs fail to state any fact establishing an injury suffered by Consiglio and caused by the United Services Automobile Association, the USAA General Indemnity Company, or the USAA Casualty Insurance Company.  *See Vermont Agency of Nat. Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 773 (2000) ("[T]he assignee of a claim has standing to assert [only] the injury in fact suffered by the assignor.").

The plaintiffs argue that the defendants are part of a "group" that adopts the same "practice, policy, and procedure" of limiting reimbursement for "medical payments" based on "Medicare fee schedules."  (Doc. 19 at 2)  However, the plaintiffs fail to establish any "causal connection" between Consiglio's injury (allegedly caused by Garrison's breaching the insurance agreement) and the

- 3 -

remaining defendants' similarly breaching other insurance agreements.[3]  Also, the plaintiffs impliedly argue that they have standing to sue all four defendants because they sue on behalf of those who received from any of the four defendants limited reimbursement for "medical payments" based on "Medicare fee schedules." However, the "named plaintiff in a class action must meet all the jurisdictional requirements to bring an individual suit asserting the same claims, including standing." *Moore's Federal Practice*, Vol. 5, § 23.63[1][b] (3d ed. 2015).  The plaintiffs independent from the hypothetical class members fail to establish standing to sue the United Services Automobile Association, the USAA General Indemnity Company, or the USAA Casualty Insurance Company.

**2. The complaint states a claim against Garrison.**

The defendants argue that, although the plaintiffs have standing to sue Garrison, the complaint fails to "state a claim upon which relief can be granted." (Doc. 8 at 15)  Disputing the claim that Garrison cannot limit reimbursement for "medical payments" based on "Medicare fee schedules," the defendants cite both a "2007 amendment" to the insurance agreement and Section 627.736, Florida Statutes.

---

[3] Further, instead of advancing any claim against the "group," the plaintiffs sue for breach of the insurance agreement. Research reveals that the United Services Automobile Association is a "reciprocal insurance exchange" that includes Garrison, the USAA General Indemnity Company, and the USAA Casualty Insurance Company and is likely the "group" mentioned in the complaint.

### A. 2007 Amendment to the Insurance Agreement

The defendants argue that, after a 2007 amendment, the insurance agreement allows Garrison to limit reimbursement for "medical payments" based on "Medicare fee schedules." Two parts in the insurance agreement — Part B-1, entitled "Personal Injury Protection Coverage" (Doc. 8-6 at 30), and Part B-2, entitled "Medical Payments Coverage" (Doc. 8-6 at 33) — each directs Garrison to reimburse Consiglio for any "reasonable fee" expended and defines a "reasonable fee." In 2007, the parties revised Part B-1's definition of a "reasonable fee" to include "no more than 80 percent of . . . 200 percent of the applicable Medicare Part B fee schedule." (Doc. 8-6 at 54) The defendants assert that, because both Part B-1 and Part B-2 use the term "reasonable fee," the new definition applies also to Part B-2.

However, using bold headings to distinguish the revisions in Part B-1 and the revisions in Part B-2, the 2007 amendment features the new definition only in Part B-1. Further, in the revised Part B-2 the parties chose not to add the new definition of a "reasonable fee" despite revising several other definitions. Based on the insurance agreement and on the 2007 amendment, the new definition of a "reasonable fee" in Part B-1 is inapplicable to Part B-2.

**B. Section 627.736 of the Florida Statutes**

Also, the defendants argue that Section 627.736 allows Garrison to "consult" the "Medicare fee schedule" in reimbursing Consiglio for "medical payments." (Doc. 8 at 15)  The plaintiffs agree that Section 627.736, which governs "personal injury protection benefits," applies not only to "personal injury protection" under Part B-1 but also to "medical payments" under Part B-2.  However, the plaintiffs dispute that Section 627.736 allows Garrison to consult the "Medicare fee schedule."

Under Section 627.736(1)(a), an insurer must reimburse "[e]ighty percent of all reasonable expenses for medically necessary" services.  Section 627.736(5)(a)1 lists various considerations in determining "the reasonableness of the reimbursement," and Section 627.736(5)(a)2 "provides an alternative mechanism for determining reasonableness: by reference to the Medicare fee schedules." *Geico Gen. Ins. Co. v. Virtual Imaging Servs., Inc.*, 141 So. 3d 147, 156 (Fla. 2013).  An insurer is not automatically entitled to "tak[e] advantage of the Medicare fee schedule methodology [in Section 627.736(5)(a)2] to limit reimbursements." *Virtual Imaging*, 141 So. 3d at 150.  Before using the "Medicare fee schedule" to limit reimbursement, an insurer is "required to give notice to its insured by electing the permissive Medicare fee schedules in its policy." *Virtual Imaging*, 141 So. 3d at 150.

Although Garrison "t[ook] advantage of the Medicare fee schedule methodology to limit reimbursements" for "medical payments" under Part B-2, Garrison failed to "give [the requisite] notice to [Consiglio]" by failing to define a

"reasonable fee" in Part B-2 to include any limitation in the "Medicare fee schedule." Thus, Garrison cannot limit Consiglio's reimbursement for "medical payments" using "the Medicare fee schedule." Based on the 2007 amendment to the insurance agreement and on Section 627.736 of the Florida Statutes, the complaint successfully states a claim against Garrison for breach of the insurance contract.

**3. A class action is inappropriate to resolve the plaintiffs' claim for damages.**

In addition to moving to dismiss for failure to state a claim, the defendants move to "strike or dismiss" the "class allegations." (Doc. 8 at 2) Rule 23(c)(1)(A), Federal Rules of Civil Procedure, states, "At an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." Accordingly, "[w]here the propriety of a class action procedure is plain from the initial pleadings, a district court may rule on this issue prior to the filing of a motion for class certification." *MRI Associates of St. Pete, Inc. v. State Farm Mut. Auto. Ins. Co.*, 755 F. Supp. 2d 1205, 1207 (M.D. Fla. 2010) (Moody, J.); *accord Martinez-Mendoza v. Champion Int'l Corp.*, 340 F.3d 1200, 1216 n.37 (11th Cir. 2003) ("[T]he trial court has an independent obligation to decide whether an action was properly brought as a class action, even where, as here, neither party moves for a ruling on class certification.").

The defendants argue that a class action is inappropriate because "there will still be a plethora of individualized inquiries that the Court would have to consider." (Doc. 8 at 15) "If class members must . . . introduce a great deal of individualized

proof or argue a number of individualized legal points to establish most or all of the elements of their individual claims," a class action is inappropriate. *DWFII Corp. v. State Farm Mut. Auto. Ins. Co.*, 469 Fed. Appx. 762, 765 (11th Cir. 2012) (per curiam) (citing *Murray v. Auslander*, 244 F.3d 807, 812 (11th Cir. 2001)). The plaintiffs respond that "[r]esolution of one central issue will affect all of the class members: Can a [medical payments] insurer take advantage of the Medicare fee schedules to limit reimbursements without notifying its insureds in the [medical payments] coverage provisions of the policy?" (Doc. 13 at 15)

The plaintiffs correctly summarize the issue central to Count I, which demands for each class member a declaration that Garrison cannot limit reimbursement for "medical payments" based on "Medicare fee schedules" and a permanent injunction against Garrison's limiting reimbursement for "medical payments" based on "Medicare fee schedules." However, Count II requires a significant number of individualized inquiries by demanding for each class member "the difference between the actual charges due under the Reasonable Amount Method of reimbursement [under Section 627.736(5)(a)1] and the [medical payments] reimbursements actually paid [under Section 627.736(5)(a)2]." (Doc. 19 at 16) "Reasonableness [under Section 627.736(5)(a)1] is a fact-dependent inquiry determined by consideration of various factors." *Virtual Imaging*, 141 So. 3d at 155–56. Thus, the "fact-finder must construe the word 'reasonable' and determine whether the insurance company's evaluation of medical bills fits the definition on a case-by-case basis." *State Farm Mut.*

*Auto. Ins. Co. v. Sestile*, 821 So. 2d 1244, 1246 (Fla. Dist. Ct. App. 2002) (Northcutt, J.); *accord Virtual Imaging*, 141 So. 3d at 156; *Shenandoah Chiropractic, P.A. v. Nat'l Specialty Ins. Co.*, 526 F. Supp. 2d 1283, 1285 (S.D. Fla. 2007) (Cohn, J.). Because the claim for damages will require a significant number of individualized inquiries, a class action is inappropriate to resolve the claim.

**4. A class action is inappropriate to resolve the plaintiffs' claim for a declaratory judgment and for a permanent injunction.**

The defendants argue that "Plaintiffs' class-wide claim for declaratory and injunctive relief is improper." (Doc. 8 at 2) *DWFII Corp.*, 469 Fed. Appx. at 765, explains:

> A declaratory or injunctive relief class pursuant to Rule 23(b)(2) is appropriate only if "the predominant relief sought is injunctive or declaratory. . . . Monetary relief predominates in (b)(2) class actions unless it is *incidental* to the requested injunctive or declaratory relief." Monetary damages are incidental when . . . awarding them "should not entail complex individualized determinations."

(emphasis in original) (quoting *Murray*, 244 F.3d at 812). Because resolving the claim for damages will require a significant number of individualized inquiries, the claim for damages predominates. *Murray*, 244 F.3d at 812; *DWFII Corp.*, 469 Fed. Appx. at 765. Thus, the claim for a declaratory judgment and for a permanent injunction is improper.

## CONCLUSION

The defendants' motion (Doc. 16) for leave to reply is **DENIED**. The defendants' motion (Doc. 8) to dismiss is **GRANTED IN PART**. No later than

**APRIL 13, 2016**, the plaintiffs must amend the complaint (1) to either remove all the defendants other than Garrison or add a claim against any defendant other than Garrison and (2) to either remove the class action allegations or remove the claim for damages. Failure to timely amend the complaint will result in dismissal without further notice. Further, if the amended complaint fails to establish federal jurisdiction, an order will remand this action.

ORDERED in Tampa, Florida, on March 30, 2016.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE